UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ADMIRAL INSURANCE COMPANY,

                              Plaintiff,

           -against-

ABH NATURE'S PRODUCTS, INC., ABH PHARMA,
INC. and MOHAMMED JAHIRUL ISLAM,

                              Defendants.
------------------------------------------------------------------------x

Docket No.:
2:20-CV-02042

**COMPLAINT**

Plaintiff, ADMIRAL INSURANCE COMPANY ("Admiral") by its attorneys, PILLINGER MILLER TARALLO LLP, complaining of the defendants, alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is an action brought pursuant to 28 U.S.C. 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure for a declaration rescinding as void *ab initio* an insurance policy that was issued based on material misrepresentations.

## THE PARTIES

2. Plaintiff Admiral Insurance Company ("Admiral") is a corporation organized under Delaware law with a principal place of business in Scottsdale, Arizona.

3. Upon information and belief, at all relevant times, defendant ABH NATURE'S PRODUCTS, INC. was a domestic corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 131 Heartland Boulevard, Edgewood, New York.

4. Upon information and belief, at all relevant times, defendant ABH PHARMA, INC. was a domestic corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 131 Heartland Boulevard, Edgewood, New York.

5. Upon information and belief, at all relevant times, defendant MOHAMMED JAHIRUL ISLAM ("Islam") was and still is a citizen of New York and residing at 140-53 Rose Avenue, Flushing, New York.

6. Upon information and belief Islam is the majority shareholder and an officer of ABH NATURE'S PRODUCTS, INC. and ABH PHARMA, INC. (collectively "ABH").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction based on diversity of citizenship and the amounts in controversy exceed $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the defendants are located, reside and/or regularly conduct business in this district.

9. An actual justiciable controversy exists between the parties regarding whether a policy of insurance issued by Admiral to or on behalf of the defendants should be rescinded and declared void *ab initio.*

10. Plaintiff has no adequate remedy at law.

## **ABH's VIOLATIONS OF FDA RULES AND/OR REGULATION**

11. In 1995, ABH began operations as a contract manufacturer, distributer and seller of dietary supplements.

12. In June 2012, the United States Food and Drug Administration ("FDA") inspected ABH's manufacturing facility, which was then located at 1885 New Highway, Farmingdale, New York.

13. During the June 2012 inspection the FDA found serious violations of the current Good Manufacturing Practice ("cGMP") regulations.

14. The violations caused two of ABH's products to be considered adulterated within the meaning of the Federal Food, Drug and Cosmetic Act.

15. The FDA issued a Form 483 outlining the violations.

16. Upon information and belief, subsequent inspections of ABH's Farmingdale manufacturing facility revealed similar violations.

17. ABH's manufacturing facility subsequently relocated to 131 Heartland Boulevard, Edgewood, New York.

18. The FDA inspected ABH's Edgewood facility in February 2018 and again in November 2018.

19. The inspections revealed similar violations of cGMP.

20. The FDA issued a Form 483 dated November 16, 2018 that outlined the violations observed during the November 2018 inspection.

21. The violations outlined in the November 16, 2018 Form 483 included the failure to: verify the identity of a dietary ingredient; verify that finished batches of product met product specifications; implement production controls to ensure the quality of dietary supplements; include required information in batch production records; and properly review and investigate a consumer complaint.

22. In December 2018, ABH responded to the FDA's November 16, 2018 Form 483. In its response, ABH stated it did not dispute any of the FDA's "inspectional observations."

**ABH'S MATERIAL MISREPRESENTATIONS TO OBTAIN THE ADMIRAL POLICY**

23. Admiral issued to ABH NATURES PRODUCTS INC. policy number CA000035018-01, effective June 19, 2019 to June 19, 2020 (the "Admiral policy").

24. Between April 2019 and June 2019 ABH submitted applications for insurance to Admiral.

25. The policy application documents submitted to Admiral contained material misrepresentations.

26. The policy applications specifically asked whether ABH had sales outside of the United States.

27. The policy application documents submitted to Admiral stated that ABH did not have sales outside of the United States.

28. ABH's representations that it did not have sales outside of the United States were false. At the time ABH submitted its applications for insurance to Admiral ABH had sales in Europe and Canada.

29. Although requested, and/or under circumstances where a reasonable insurance policy applicant would have otherwise disclosed such information, the application documents submitted to Admiral did not disclose ABH's prior FDA regulatory violations and/or violations of cGMP.

30. Although requested, and/or under circumstances where a reasonable insurance policy applicant would have otherwise disclosed such information, the policy application documents submitted to Admiral did not disclose the February 2018 and November 2018 inspections of ABH's manufacturing facility by the FDA.

31. Although requested, and/or under circumstances where a reasonable insurance policy applicant would have otherwise disclosed such information, the policy application documents did not disclose that the FDA issued the November 16, 2018 Form 483 that identified ABH's violations of cGMP.

32. Although requested, and/or under circumstances where a reasonable insurance policy applicant would have otherwise disclosed such information, the policy application documents did not disclose that in response to the November 16, 2018 Form 483 ABH informed the FDA that ABH did not dispute any of the FDA's "inspectional observations."

## AS AND FOR A FIRST CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "32" of the Complaint as if fully set forth at length herein.

34. In completing its applications for insurance to obtain the Admiral policy, ABH misrepresented the nature and extent of its operations.

35. In completing its applications for insurance to obtain the Admiral policy, ABH misrepresented and/or failed to disclose the nature and extent of ABH's prior FDA regulatory violations and/or violations of cGMP.

36. Admiral would not have issued the Admiral policy, and/or would not have issued the Admiral policy for the premium charged, had it known of the material misrepresentations made by ABH during the application process.

37. That based upon the material nature of ABH's misrepresentations, including but not limited to those alleged above, the Admiral policy should be rescinded and the Court should declare that the Admiral policy is void *ab initio*.

38. Pursuant to New York Insurance Law §3105 and other applicable statutory and common law, Admiral is entitled to a declaration that the Admiral policy is void *ab initio* based upon the material misrepresentations and/or omissions in ABH's applications for insurance to obtain the Admiral policy.

## JURY DEMAND

Plaintiff demands a jury on all of the issues so triable.

**WHEREFORE**, plaintiff, ADMIRAL INSURANCE COMPANY, requests that judgment be made and entered herein:

(a)　　Declaring that the Admiral policy is rescinded and void *ab initio*; and

(b)　　For such other and further relief as to this Court deems just and proper.

Dated: May 5, 2020

PILLINGER MILLER TARALLO LLP

_____
By:　Neil L. Sambursky (NLS-8520)
　　　David M. Cassidy (DMC-4174)
　　　1140 Franklin Avenue, Suite 214
　　　Garden City, New York 11530
　　　(516) 408-5388

Attorneys for ADMIRAL INSURANCE COMPANY
